**UNITED STATES of America and Ronald D. Haworth, Special Agent, Internal Revenue Service, Petitioners,**

v.

**Alan KERSHAW, Respondent,**

**Shanghai Co., Inc., a corporation and Chester Louie, Intervenors.**

**Civ. No. 76–860.**

United States District Court, D. Oregon.

May 26, 1977.

SOLOMON, Senior District Judge.

The Internal Revenue Service issued a summons to Alan Kershaw requiring him to answer questions on the federal tax liability of Shanghai Company for the years 1972 through 1974.

Shanghai Company and Chester Louie (hereafter called taxpayers), who with members of his family own that company, sought to intervene in order to be present at the interrogation of Kershaw and to be able to object to questions propounded to him. The motion was heard before Judge George Juba, Magistrate, who denied it. The taxpayers then attempted to appeal that order to the Court of Appeals. The Court of Appeals dismissed.

Now the taxpayers have appealed the Magistrate's order to me.

Kershaw, a public accountant and an employee of Mail Me Monday, prepared the federal tax returns for the taxpayers for the years 1972 through 1974. In 1975, an agent of the Internal Revenue Service commenced an examination of the income tax returns of the taxpayers. He questioned Kershaw about the income tax returns he

 

had prepared. Later a special agent removed the taxpayers' books and records and also the accountant's files on the taxpayers' returns.

The taxpayers then consulted an attorney, Frank Magee, who engaged Kershaw to make an audit of the taxpayers' books and to assist Magee in giving legal advice to the taxpayers. Kershaw participated in several conferences between Magee and taxpayer Louie. During these meetings, Kershaw received confidential information disclosed by Louie to Magee.

Kershaw was summoned to appear before the special agent and to give testimony on the preparation of taxpayers' income tax returns. Kershaw came with both his attorney, and the taxpayers' attorney, Magee. Kershaw offered to answer all questions except where the information sought was acquired while he was employed by Magee and was covered by the attorney-client privilege.

Haworth refused to continue the meeting unless Magee departed; Kershaw refused to continue the meeting unless Magee was present. The meeting was adjourned.

The United States filed an action to enforce the summons requiring Kershaw to answer the questions. The taxpayers sought to intervene and requested that Magee, their attorney, be present when Kershaw is questioned.

At a hearing before the Magistrate, the government recognized the attorney-client privilege, and the Magistrate ruled that questions be limited to the time before January 1976, and that privileged information could be protected from disclosure by Kershaw's attorney.

The Magistrate denied the motion to intervene and ruled that the taxpayers' attorney could not be present at the questioning.

I am of the opinion that the limit placed upon the inquiry by the Magistrate adequately protects the taxpayers. Government counsel asserts that he will abide by that ruling, and Kershaw's able counsel announced that he will not permit his client to testify to any matters covering the attorney-client relationship.

The order of the Magistrate is affirmed and the motion to intervene is denied. The motion to stay this order affirming the Magistrate's order pending the disposition by the Court of Appeals of the proposed appeal is likewise denied.